# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Eric P. Minda,**
**Petitioner Below, Petitioner**

**FILED**

March 16, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 14-0334** (Ohio County 06-C-92)

**David Ballard, Warden,**
**Mount Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Eric P. Minda, by counsel Justin M. Hershberger, appeals the Circuit Court of Ohio County's February 24, 2014, order denying his petition for writ of habeas corpus. Respondent David Ballard, Warden, by counsel Shannon Frederick Kiser, filed a response and a supplemental appendix. On appeal, petitioner alleges that the circuit court erred in denying habeas relief on his claims of a disproportionate sentence and ineffective assistance of counsel.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following a jury trial in March of 2003, petitioner was found guilty of one count of first degree robbery and one count of felon in possession of a firearm. Thereafter, the circuit court sentenced petitioner to a term of incarceration of ninety years for first degree robbery and a term of incarceration of five years for felon in possession of a firearm, said sentences to run consecutively. Petitioner appealed the decision to this Court, which unanimously refused the same by order entered on February 9, 2005. In December of 2005, petitioner filed an application for petition of writ of habeas corpus and a motion for appointment of counsel, among other motions, in the circuit court. In March of 2006, the circuit court entered a memorandum of opinion and order summarily denying petitioner habeas relief.

Petitioner thereafter appealed the circuit court's summary denial to this Court. On December 6, 2006, this Court granted the petition and remanded the matter back to the circuit

---

[1]In the circuit court, petitioner also alleged as grounds for habeas relief that he lacked the mental capacity to form the requisite intent for first degree robbery. However, on appeal, petitioner alleges no error in the circuit court's denial of habeas relief on this ground. Accordingly, the Court does not further address this allegation herein.

1

court for the holding of an omnibus evidentiary hearing. The circuit court then appointed Scott S. Blass to represent petitioner. Thereafter, in July of 2007, petitioner, by counsel, filed his amended petition below. Prior to the holding of an omnibus evidentiary hearing, the circuit court dismissed count one of the amended petition regarding a challenge to petitioner's sentence as disproportionate without the taking of evidence. In February of 2010, the circuit court held an omnibus evidentiary hearing on the remaining grounds alleged in the amended petition and ultimately denied petitioner habeas relief by order entered in January of 2012.

Petitioner again appealed the denial, and in April of 2013, this Court issued a memorandum decision remanding the matter so that the circuit court could hold an omnibus evidentiary hearing in regard to all issues raised in the amended petition and to reexamine petitioner's claim of ineffective assistance of counsel in light of the Supreme Court of the United States' decision in *Lafler v. Cooper*, 132 S.Ct. 1376 (2012). *Minda v. Ballard*, No. 12-0284 (W.Va. Supreme Court, April 16, 2013) (memorandum decision). On remand, the circuit court held a second omnibus evidentiary hearing in December of 2013, after which it denied petitioner habeas relief. It is from the resulting order that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner reasserts the same claims that were rejected by the circuit court. First, petitioner reasserts that his sentence was disproportionate to the character and degree of the offenses. He further reasserts that his trial counsel was ineffective because (1) he failed to engage in proper motions practice, including challenging the legality of petitioner's stop and search; (2) he failed to present a counter-plea offer to the State; (3) he provided ineffective advice regarding the State's plea offer; and (4) he failed to inform petitioner that the State's plea offer was still available after he allegedly countered the plea offer`.

Upon our review and consideration of the circuit court's order, the parties' arguments, and record submitted on appeal, we find no error or abuse of discretion by the circuit court. Our review of the record supports the circuit court's decision to deny petitioner post-conviction habeas corpus relief based on the errors he assigns on appeal, which were also argued below. Indeed, the circuit court's order includes well-reasoned findings and conclusions as to all of the assignments of error raised herein. Given our conclusion that the circuit court's order and the record before us reflect no clear error or abuse of discretion, we hereby adopt and incorporate the circuit court's findings and conclusions and direct the Clerk to attach a copy of the circuit court's February 24, 2014, "Order Denying Petitioner's Amended Petition Following Omnibus Hearing"

to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 16, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

CIRCUIT COURT
OF OHIO COUNTY
2014 FEB 24 AM 9 49
BRENDA L. MILLER

ERIC PAUL MINDA,

Petitioner,

v.

CIVIL ACTION NO. 06-C-92

Judge David J. Sims

THOMAS McBRIDE,

Respondent.

## ORDER DENYING PETITIONER'S AMENDED PETITION FOLLOWING OMNIBUS HEARING

This matter comes before the Court on Petitioner's Amended Petition for Writ of Habeas Corpus. After carefully considering all of the evidence and the record of Petitioner's trial, and after consulting pertinent legal authority, for reasons explained in the following Opinion, the Court has concluded that Petitioner has failed to establish a basis for the relief requested in his Amended Petition.

## OPINION

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was charged with Robbery in the First Degree and Felon in Possession of a Firearm and was tried before a jury before the Honorable Arthur Recht on March 26, 2003. The jury returned a verdict finding Petitioner guilty on both counts. The Pre-Sentence Investigation Report recommended that Petitioner be sentenced to ninety (90) years for his conviction for Robbery in the First Degree and five (5) years for his conviction for Felon in Possession of a Firearm to run consecutively. The Court sentenced Petitioner to ninety (90) years for his guilty conviction for Robbery in the First Degree and five (5) years for the guilty conviction for Felon

- 1 -

in Possession of a Firearm with said sentences to run consecutively. Petitioner filed a petition for appeal with the Supreme Court of Appeals which was denied on February 9, 2005.

On or about December 1, 2005, Petitioner filed an Application for Petition for Writ of Habeas Corpus ad Subjciendum, Motion to Proceed in Forma Pauperis, Motion for Appointment of Counsel, and Motion for Omnibus Habeas Corpus Hearing. A Memorandum of Opinion and Order was entered on March 22, 2006 finding that the Petition was without merit and dismissed the matter.

On March 31, 2006, Petitioner filed with the Supreme Court of Appeals a Notice of Intent to Appeal appealing the order entered on March 22, 2006. Petitioner filed his Petition for Appeal on July 18, 2006. On December 6, 2006, the Supreme Court granted the Petition and remanded the matter back to the Circuit Court to hold an omnibus habeas corpus hearing.

The Court appointed Scott S. Blass, Esq. on January 18, 2007 to represent Petitioner. On January 25, 2007, the Court filed a Notice to Petitioner and Counsel Concerning Waiver of Grounds Not Raised in Post Conviction Habeas Corpus Proceeding, Pleading Timetable and Order. In this Notice, the Court advised Petitioner that grounds for relief not raised in this proceeding will be deemed waived. On July 6, 2007, by counsel, Petitioner filed his Amended Petition. On July 17, 2007, the Respondent, by counsel, Steven Vogrin, Assistant Prosecuting Attorney, filed his answer to the Amended Petition and further moved to dismiss the Amended Petition pursuant to *W.Va.R.Civ.P.* 12(b)(6). On July 20, 2007, the Court dismissed Count 1 of the Amended Petition without testimony being taken and prior to the evidentiary hearing. The evidentiary hearing was held on February 19, 2010 with Petitioner presenting the testimony of

-2-

his expert, Robert G. McCoid, Esq. On January 24, 2012, Judge Recht entered a Final Order denying Petitioner's Amended Petition.

On February 8, 2012, Mr. Blass was relieved of any further duty of representing Petitioner and Richard Lorenson, Esq., Appellate Division of West Virginia Public Defender Services, was appointed to represent Petitioner. A Notice of Appeal was filed with the Supreme Court of Appeals and the matter was briefed by the parties. By Memorandum Decision issued April 16, 2013, the Supreme Court of Appeals remanded the matter for this Court to hold an omnibus hearing on all issues raised in the Amended Petition. The Supreme Court further directed this Court to "reexamine petitioner's claim of ineffective assistance of counsel in light of *Lafler v. Cooper,* 132 S.Ct. 1376 (2012)."

An omnibus hearing was held before the Court on December 20, 2013. Petitioner appeared in person and by new counsel, Justin Hershberger, Esq., and the Respondent appeared by counsel, Brian Ghaphery, Esq., Assistant Ohio County Prosecutor. Neither party presented any new witnesses. Rather, Petitioner, in his oral argument, referenced the testimony of Petitioner's expert, Mr. McCoid, who testified at the first omnibus hearing.

On December 16, 2013, Petitioner filed his Petitioner's Brief regarding *Lafler v. Cooper.* The State did not file a response.

## PETITIONER'S GROUNDS FOR HABEAS CORPUS RELIEF

The Amended Petition asserts three grounds for relief.

1. Petitioner contends that the ninety year prison sentence he received violates Article Three, Section 5 of the West Virginia Constitution and the Eight Amendment of the United States Constitution.

- 3 -

2. Petitioner contends his trial counsel was ineffective in violation of the Sixth Amendment of the United States Constitution and Article III, Section 14 of the West Virginia Constitution.

3. Petitioner contends he lacked the "mental competency at the time of the criminal offense to form the requisite intent needed to be convicted of Robbery in the First Degree."

The first of three threshold tests applied to post-conviction habeas corpus claims requires Petitioner to allege the denial of a constitutional right. "A habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed." Syllabus pt. 4, *State ex rel McMcannis v. Mohn*, 163 W.Va. 129, 254 S.E.2d 805 (1979).

The second and third threshold tests require a determination of whether the claim has been previously and finally adjudicated or waived, and thus barred by W.Va. Code § 53-4A-1(b)(c).

To prevail in post-conviction habeas corpus proceedings the "petitioner has the burden of proving by a preponderance of the evidence the allegations contained in his petition or affidavit which would warrant his release." Syllabus pt. 1, *State ex rel. Scott v. Boles*, 150 W.Va. 453, 147 S.E.2d 486 (1966).

## GROUND 1 – PETITIONER'S SENTENCE OF 90 YEARS IS UNCONSTITUTIONAL

### Conclusion of Law

The Court has concluded that Petitioner has failed to prove by a preponderance of the evidence that Petitioner's sentence of 90 years for Robbery in the First Degree is unconstitutional.

- 4 -

## Discussion – Legal Authorities – Findings of Fact

Petitioner argues that the 90 year sentence is excessive and disproportionate to the character and degree of the offense. In support of his argument, Petitioner asserts that the victim did not suffer any physical harm, Petitioner had one prior felony that occurred 13 years before this offense, "never demonstrated any prior propensity towards acts of violence", cooperated with law enforcement, and was remorseful.

Petitioner meets the first threshold test as Petitioner is alleging a violation of a Constitutional right. Petitioner meets the second and third threshold tests in as much as the claim has not been previously adjudicated or waived. Petitioner did raise that his sentence was unconstitutional in his Petition for Appeal. However, the Supreme Court refused his Petition for Appeal. The denial of a petition for appeal is not a decision on the merits precluding consideration of the issues in post-conviction habeas corpus proceedings, *Smith v. Hedrick,* 181 W.Va. 394, at 395, 382 S.E.2d 588, at 598 (1989). Therefore, the Supreme Court's refusal of Petitioner's initial petition for appeal regarding his conviction at trial is not a previous and final adjudication, which means the claim is not barred by W.Va. Code § 53-4A-1(b).

The Supreme Court of Appeals has a two-pronged test to determine if a sentence imposed is so disproportionate to the crime that it violates the Constitution. *State v. Mann,* 205 W.Va. 303, 314-315, 518 S.E.2d 60, 71-72 (1999). The first test is subjective and is set forth in Syllabus Point 5 of *State v. Cooper,* 172 W.Va. 266, 304 S.E.2d 851 (1983) which states that

> Punishment may be constitutionally impermissible, although not cruel and unusual in its method, if it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity, thereby violating West Virginia Constitution, Article III, Section 5 that prohibits a penalty that is not proportionate to the character and degree of an offense.

- 5 -

If the sentence is found not to shock the conscience, then one must proceed to the second objective test. *State v. Mann*, 205 W.Va. at 315, 518 S.E.2d at 72 (1999). Syllabus Point 5 of *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 276 S.E.2d 205 (1981) outlines the second test.

> In determining whether a given sentence violates the proportionality principle found in Article III, Section 5 of the West Virginia Constitution, consideration is given to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction.

This Court cannot make a finding that Petitioner's sentence of 90 years shocks the conscience considering the testimony that was presented at the trial. In the early morning hours of November 3, 2002, Petitioner put on a ski mask and robbed the Dallas Pike Travel Express truck stop by pointing a gun at the clerk, Virginia Durila, and at least two separate times made comments threatening to shoot Ms. Durila. At that time, Ms. Durila was alone in a section of the truck stop. After Ms. Durila handed Petitioner the money, he then ordered her to get down on the floor and count. Ms. Durila testified that at that point, she turned her head away because she did not want to see if he intended to shoot her. Furthermore, Ms. Durila indicated in her victim impact statement how she was traumatized by the incident, including difficulty sleeping, missing a month's work, refusing to work the night shift, and being scared even while working the day shift.

This Court must then proceed to the second part of the test. The first factor is the nature of the offense. *Wanstreet*, 166 W.Va. at 523, 276 S.E.2d at 205 (1981). Petitioner was charged with Robbery in the First Degree. As indicated above, the offense occurred in the early morning hours, Ms. Durila was alone, Petitioner wore a ski mask, and pointed a gun at Ms. Durila

-6-

threatening to shoot her. "Robbery has always been regarded as a crime of the gravest character." *State v. Glover*, 177 W.Va. 650, 659, 355 S.E.2d 631, 640 (1987).

The second factor involves the legislative purpose behind the punishment. *Wanstreet*, 166 W.Va. at 523, 276 S.E.2d at 205 (1981). The possible sentence for Robbery in the First Degree is confinement in a state correctional facility for not less than ten years. W.Va. Code §61-2-12(a). The Supreme Court has "recognized that the Legislature, by not expressly fixing a maximum term, has impliedly authorized life imprisonment as the maximum penalty for aggravated robbery. The Legislature has chosen not to deprive trial courts of discretion to determine the appropriate determinate term for life or for a specific number of years above the statutory minimum as the sentence for aggravated robbery." *State v. Mann*, 205 W.Va. at 315, 518 S.E.2d at 72 (1999).

The third factor involves a comparison with other jurisdictions. *Wanstreet*, 166 W.Va. at 523, 276 S.E.2d at 205 (1981). In *State v. Adams*, 211 W.Va. 231, 235, 565 S.E.2d 353, 357 (2002), in which the Supreme Court upheld a 90 year sentence, the Supreme Court cited to several jurisdictions that have upheld sentences in aggravated robberies including *State v. Boag*, 104 Ariz. 362, 453 P.2d. 508 (1969) (75 to 99 years); *People v. Isitt*, 55 Cal.App.3d 23, 127 Cal.Rptr. 279 (1976) (life sentence), *State v. Victorian*, 332 So.2d 220 (La. 1975) (45 year sentence), *State v. Hoskins*, 522 So.2d 1235 (La.Ct.App. 1988) (99 year sentence), *People v. Murph*, 185 Mich.App. 476, 463 N.W.2d 156 (1990) (2 - 46 year sentences), *Garrett v. State*, 486 S.W.2d 272 (Mo. 1972) (99 year sentence); *State v. Morris*, 661 S.W.2d 84 (Mo.Ct.App.1983) (life sentence); *Robinson v. State*, 743 P.2d 1088 (Okla.Crim.App 1987) (life sentence).

-7-

The fourth and final factor compares the offense with other offenses in this State. *Wanstreet*, 166 W.Va. at 523, 276 S.E.2d at 205 (1981). In *State v. Adams*, 211 W.Va. at 231, 565 S.E.2d at 353 (2002), the Supreme Court upheld a 90 year sentence where the defendant, with an accomplice, robbed a convenience store. The two did not use a weapon. *Id.* at 232, 354. However, the defendant physically assaulted the clerk by grabbing her shirt. *Id.* at 236, 358 Footnote 2. The Supreme Court stated that "[a]lthough no deadly weapon was used and no extreme violence was committed in Mr. Adams' crime, the record documents that he had an extensive prior felony record that included violence and which made him an extreme danger to society. We have also taken into consideration that Mr. Adams was faced with a recidivist life sentence, had the State not agreed to drop the charge in exchange for a guilty plea." *Id.* at 235-236, 357-358.

In *State v. Booth*, 224 W.Va. 307, 685 S.E.2d 701 (2009), the Supreme Court upheld an 80 year sentence where the defendant actively sought out the elderly in order to steal money to buy illegal drugs. The defendant approached an elderly woman and grabbed her purse from behind. This caused the elderly woman to fall to the ground. The woman was seriously injured as a result of the fall, including a surgery on her hip and surgery to repair her femur. *Id.* at 310-311, 704-705. The Supreme Court held that the "eighty-year sentence is not disproportionate when consideration is made of the nature of the offense, Mr. Booth's significant past criminal history, and the violence involved in this particular crime." *Id.* at 314, 709. See also *State v. Spence*, 182 W.Va. 472, 388 S.E.2d 498 (1989) (upholding a 60 year sentence for robbing a store clerk with a knife).

- 8 -

Looking at the totality of the circumstances, this Court does not find that sentence violates the second part of the test as set forth in *Wanstreet*, 166 W.Va. at 523, 276 S.E.2d at 205 (1981). Petitioner robbed Ms. Durila at gun point and threatened to kill her. Petitioner had an extensive criminal history, including a prior felony conviction for Burglary as well as other charges and convictions. From the Pre-Sentence Investigation Report, it appears that Petitioner had three felonies in the 5th degree from the State of Ohio reduced to misdemeanors. Petitioner also was on probation from two different courts in Belmont County, Ohio at the time of this offense. Furthermore, at the time of sentencing, Petitioner had a felony Entering without Breaking pending in Marion County. Additionally, Petitioner committed this offense to purchase illegal drugs. Based on the above, this Court finds that the ninety year sentence does not violate the proportionality principle.

In accord with the requirements of R.H.C. 9(c)(1) [1999] and W.Va. Code § 53-4A-7(c) [1967], the Court finds Petitioner's ground for relief presented a state and federal right.

## GROUND 2 – INEFFECTIVE ASSISTANCE OF COUNSEL

### Conclusion of Law

The Court has concluded that Petitioner has failed to satisfy the second prong set forth in *Strickland v. Washington*, 466 U.S. 668, 04 S.Ct. 2052, 80 L.Ed 674 (1984) that but for counsel's alleged ineffectiveness, the results of the proceedings would have been different.

### Discussion – Legal Authorities – Findings of Fact

Petitioner alleges in his Amended Petition that his trial counsel was ineffective based on seven allegations: Trial counsel (1) "failed to properly investigate whether or not an expert would be able to testify as to the level of intoxication of Mr. Minda at the time of the offense";

- 9 -

(2) "failed to voir dire potential jurors"; (3) "failed to take part in any meaningful cross examination of the State's witnesses"; (4) "failed to participate in any meaningful pre-trial motion practice"; (5) "failed to communicate with prosecutors office regarding proposed plea agreements"; (6) "failed to challenge the validity of an un-warranted search"; and (7) "failed to allege mental incompetency at the time of the criminal offense." During the omnibus hearing held on February 9, 2010, Petitioner presented the expert testimony of Mr. McCoid. Petitioner did not present any new testimony at the hearing on December 20, 2013 but referred to Mr. McCoid's previous testimony.

"In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.E.2d 674 (1984):(1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syllabus Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

"In deciding ineffective assistance of claims, a court need not address both prongs of the conjunctive standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995), but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test." Syllabus Pt. 5, *State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 465 S.E.2d 416 (1995).

The Court will review each allegation of trial counsel's ineffectiveness. The first allegation alleges that trial counsel was ineffective was due to his failure to properly investigate whether or not an expert would be able to testify as to Petitioner's level of intoxication.

- 10 -

Petitioner has failed to prove by a preponderance of the evidence that the results of the proceedings would be different.

The Court will refer to the testimony of Petitioner's expert, Mr. McCoid.

A.    ... Steve, I'm not going to say the diminished-capacity defense would have been an excellent defense for Mr. Minda, okay. I don't think it would have been, but it had to be pursued.

Q.    And it was pursued, Mr. McCoid, wasn't it?

A.    It really wasn't pursued at all. There was not a shred of evidence. Mr. Greene acknowledged he didn't do it. There's nothing in the file that shows it was done. Mr. Minda confirms nothing was done. He didn't bother to have Mr. Minda evaluated by an expert to determine if it was a viable defense.

Q.    Let's assume that he did get him evaluated. You're allowed to assume that. Based upon those facts that I just presented to you, how can you say that Judge Recht would have given him instruction even if the opinion would have been he was so - - he couldn't have premeditated or deliberated or whatever your phrase was?

A.    I can't say that Judge Recht would or wouldn't have given him the instruction; I don't know. I don't know how strong the expert - - first of all, I don't if an expert would have given a report. I don't know what the expert's report would have been, and I don't know how Judge Recht would have received the report. We don't know; it never existed. We don't know what it would have said.

Transcripts of Omnibus Hearing on February 19, 2010, pages 62-63.

Based on the above testimony of Mr. McCoid, Petitioner cannot prove by a preponderance of the evidence that but for trial counsel's alleged ineffectiveness there is a reasonable probability that the results of the proceedings would have been different. Mr. McCoid was unable to testify as to whether an expert would had even give a report and further unable to testify as to what Judge Recht would have ruled regarding that information. This Court has not been provided with any other evidence to support Petitioner's allegation.

- 11 -

The second allegation alleges trial counsel was ineffective because he failed to voir dire potential jurors. Petitioner argues as a result of the failure to voir dire potential jurors "certain jurors may have been excused for cause thus freeing up preemptive strikes." Petitioner, however, has failed to present any evidence that but for this failure the results of the proceedings would have been different.

The third allegation alleges that trial counsel was ineffective due to his failure to meaningfully cross examined the State's witnesses but again Petitioner fails to present any evidence that but for this alleged ineffectiveness the outcome of the proceedings would have been different.

The fourth and sixth allegations are similar. Petitioner argues that trial counsel was ineffective by failing to "participate in any meaningful pre-trial motion practice" and failing to challenge the search's validity.

In *Kimmelman v. Morrison*, 477 U.S. 365, 368 (1986), trial counsel failed to file a timely suppression motion as required under the New Jersey Court Rules which required a suppression motion to be filed within 30 days of the indictment unless the trial court enlarged the time for good cause. An evidentiary hearing was never held regarding the Fourth Amendment claim. *Id.* at 390. The Supreme Court held that "[w]here defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Id.* at 375.

The Court finds that Petitioner has failed to prove by a preponderance of the evidence that his Fourth Amendment Claim is meritorious. During the initial omnibus hearing, Mr. McCoid testified that he believed the stop to be an illegal stop as well as an illegal search of Petitioner's vehicle. Transcripts of Omnibus Hearing on February 19, 2010, pages 13-14. However, this Court does not find that is sufficient evidence to prove that Petitioner's Fourth Amendment claims are meritorious as required by *Kimmelman v. Morrison*, 477 U.S. 365, 368 (1986). The Court would need additional evidence as to the specifics of the stop and search of Petitioner's vehicle in order to determine that the claims are meritorious. Petitioner did not present any evidence to this effect.

The fifth reason Petitioner argues that trial counsel was ineffective is that he "failed to communicate with prosecutor's office regarding proposed plea agreements." Petitioner asserts that a plea offer was made on docket day with a recommendation of fifty years on the robbery plus another five years on the felon in possession of a firearm. Petitioner alleges that he discussed this offer with trial counsel and trial counsel advised him against taking the offer. Petitioner alleges that he then asked that counsel relay a counter offer of either 35 or 40 years to the prosecutor.[1] There is no record that this counter offer was relayed to the State other than through trial counsel. Steve Vogrin, counsel for the State at that time, did not have any recollection of the offer nor was the counter offer communicated in writing. Mr. Vogrin again, by letter, offered a recommendation of a 55 year sentence and indicated to trial counsel that this offer would be available until February 20, 2003 at 5:00 p.m. The letter also indicated that this would be the final offer. Petitioner asserts that he was not informed of this offer. Petitioner

- 13 -

argues that "[t]here is a substantial likelihood that the Court would have accepted the joint recommendation."

"In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012). "[A] defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe that under the judgment and sentence that in fact were imposed." *Id.* at 1385.

Unfortunately, this Court cannot make a finding that the outcome of the proceeding would be different but for any alleged ineffectiveness based on the plea negotiations. Under *Lafler v. Cooper*, 132 S.Ct. at 1384 (2012), Petitioner must show that the outcome of the plea process would have been different. In essence, Petitioner must prove that the Court would have accepted the sentence as recommended. This Court cannot ignore Judge Recht's Order that was entered on January 24, 2012.

In Findings of Fact No. 25, Judge Recht finds that

This court is of the opinion that even if Petitioner plead guilty to Robbery in the First Degree, regardless of whatever recommendation the State made pursuant to the plea agreement, this Court would have sentenced Mr. Minda to the same sentence he received even though he went to trial. This is based upon the severe psychological injury to the victim and as well Mr. Minda's extensive prior criminal history. This Court has been consistent that it never punishes a criminal defendant for exercising his constitutional right to a trial by jury.

---

[1] The Amended Petition reflects that it was a 40 year counter offer. However, Petitioner's Brief regarding *Lafler v. Cooper* indicates that it was a total of 35 years.

- 14 -

Furthermore, Judge Recht ordered in his Conclusion of Law No. 35 that

The Court further **FINDS** and **CONCLUDES** that even if Counsel's performance was deficient, then counsel's deficient performance **DID NOT** adversely affect the outcome of the proceeding as any plea that would have been entered in the matter would have been presented as "non-binding" and the trial court would have sentence Petitioner to the same sentence as he received even after going to trial, regardless of any recommendation from the State.

The finding of fact and conclusion of law erase any doubt as to what Judge Recht would have sentenced Petitioner to under the initial offer. Based on the Order, this Court cannot conclude that the second prong of the *Strickland* test has been met.

The seventh and final reason Petitioner argues that trial counsel was ineffective is that he "failed to allege mental incompetency at the time of the criminal offense." Again, Petitioner failed to present any evidence that but for this failure the results of the proceedings would have been different.

In accord with the requirements of R.H.C. 9(c)(1) [1999] and W.Va. Code § 53-4A-7(c) [1967], the Court finds Petitioner's ground for relief presented a state and federal right.

## <u>GROUND 3 – PETITIONER LACKED THE MENTAL CAPACITY TO FORM THE REQUISITE INTENT FOR ROBBERY IN THE FIRST DEGREE</u>

### Conclusion of Law

The Court has concluded that Petitioner has failed to pass the first threshold test in order to proceed with a writ of habeas corpus.

### Discussion – Legal Authorities – Findings of Fact

Petitioner argues that he did not have the required mental capacity at the time of the incident as a result of being under the influence of crack cocaine. Petitioner, however, fails to

allege a denial of a constitutional right. As stated above, "[a] habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed." Syllabus pt. 4, *State ex rel McMcannis v. Mohn*, 163 W.Va. 129, 254 S.E.2d 805 (1979). Therefore, Petitioner's third ground is not reviewable in a habeas proceeding.

## GROUNDS FOR RELEIF EXPRESSLY WAIVED

The Court **FINDS** that the grounds for relief were expressly waived by Petitioner in accord with the requirements of R.H.C. 9(c)(3) and *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981) that were not marked by Petitioner on the *Losh* list attached as an Appendix to this Opinion. Petitioner's express waiver of the grounds for relief initialed by Petitioner on the *Losh* list attached as an Appendix to this Opinion were made knowingly, intelligently, and with the advice of counsel.

This Court does hereby **ORDER**:

1.     The Writ of Habeas Corpus sought by Petitioner is **REFUSED.**

2.     Petitioner's Amended Petition for Writ of Habeas Corpus is **DISMISSED** from the docket of this Court.

3.     If Petitioner desires to appeal this dismissal to the Supreme Court of Appeals and seeks leave to prosecute that appeal *in forma pauperis* and/or seeks the appointment of counsel, Petitioner shall file with this Court a properly completed Notice of Intent to Appeal/Request for Appointment of Counsel form and a properly completed Application to Proceed *In Forma Pauperis* and Affidavit as set forth in Appendix B of the Rules Governing Post-Conviction Habeas Corpus Proceedings. These materials shall be filed with this Court no later than April 1, 2014.

- 16 -

4.    This is a Final Order.  The Circuit Clerk shall remove this matter from the docket.

5.    The Circuit Clerk shall provide attested copies of this Order to Petitioner, Respondent, and the Clerk of the Supreme Court of Appeals.

ENTER this 20th day of February 2014.

_____
Judge David J. Sims

A copy, Teste:

_____
Circuit Clerk

- 17 -